IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EULANDO PIÑERO-GAGO,<br><br>**Plaintiff,**<br><br>v.<br><br>ALEXIS TORRES-RÍOS, et al.,<br><br>**Defendants.** | **CIVIL NO. 23-1577 (RAM)** |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the *Motion for Abstention under Burford and/or Comity Considerations* ("*Motion for Abstention*") filed by Defendants Alexis Torres-Ríos, Rafael Riviere-Vázquez, Marcos Concepción-Tirado, Javish Collazo-Fernández, Rafael Bruno-Andújar, Wilson Ortiz-Rosario, and Victor González-Jiménez. (Docket No. 18). Plaintiff Eulando Piñero-Gago filed a *Response* in opposition that also included a request for entry of default. For the reasons discussed below, the Court **DENIES** Defendants' *Motion for Abstention* and **DENIES** Plaintiff's request for entry of default.

### I. BACKGROUND

Plaintiff filed a *Complaint* on November 15, 2023. (Docket No. 1). Mr. Piñero-Gago is a firefighter with the Puerto Rico Fire Corps Bureau, a unit of the Commonwealth of Puerto Rico's Department of Public Security ("DPS"). Id. ¶ 2. He alleges violations of his First Amendment rights pursuant to 42 U.S.C.

§ 1983 and brings tort claims under Puerto Rico's Civil Code. Id. ¶¶ 125-92.

On December 13, 2023, Plaintiff moved for entry of default against co-defendants Concepción-Tirado and Ortiz-Rosario because they had failed to plead or otherwise defend as required by Rule 55(a) of the Federal Rules of Civil Procedure. (Docket No. 5). All seven Defendants then filed a special appearance and requested a thirty-day enlargement of time to answer or otherwise plead. (Docket No. 6). Plaintiff opposed as to Concepción-Tirado and Ortiz-Rosario for their failure to make a showing of excusable neglect, and he renewed the request for entry of default as to those two co-defendants. (Docket No. 7).

Following an order from the Court, Defendants amended their filing, explaining that defense counsel had miscalculated the termination of the twenty-one-day period to answer or otherwise plead as to Concepción-Tirado and Ortiz-Rosario. (Docket No. 10). Plaintiff opposed on the basis that an attorney's carelessness regarding a court deadline does not constitute excusable neglect under First Circuit precedent, citing to Sheedy v. Bankowski (In re Sheedy), 875 F.3d 740 (1st Cir. 2017). (Docket No. 11 ¶ 6). The Court granted in part Defendants' motion for extension of time, setting a deadline of January 26, 2024. (Docket No. 12). However, the Court also noted that failure to comply with the deadline could

result in the imposition of sanctions, "including entry of default." Id.

Nevertheless, Defendants again moved for an extension of time to plead or otherwise defend. (Docket No. 14). Plaintiff again opposed, (Docket No. 15), and the Court issued a docket order granting Defendant's motion with the following warning:

> Defendants shall plead or otherwise defend by **February 9, 2024. Failure to comply with this deadline will result in entry of default. The Court's forbearance is not inexhaustible.** Public policy promotes that cases be decided on the merits, but it also requires compliance with rules of procedure and court orders.

(Docket No. 17) (emphasis in original).

On February 9, 2024, Defendants filed their *Motion for Abstention*. (Docket No. 18). They claim the present case should be stayed until related claims pending in three local administrative proceedings are resolved. Id. at 2. Specifically, Defendants rely on Burford v. Sun Oil Co., 319 U.S. 315 (1943), for the proposition that federal courts should abstain in favor of state processes where federal litigation would interfere with a state administrative scheme and where adequate state judicial review exists. Id. at 8. Defendants alternatively request a stay based on comity considerations. Id. at 10.

Plaintiff timely responded, averring that the Burford abstention doctrine was inapplicable and that there are no grounds

Civil No. 23-1577 (RAM)                                                        4

for abstention due to reasons of comity. (Docket No. 21). He further contends that the *Motion for Abstention* is neither a pleading nor a Rule 12 motion, and therefore entry of default against Defendants would be proper. Id. at 21.

Defendants subsequently sought leave to file a reply. (Docket No. 22). Although leave to reply was granted, Defendants failed to docket their filing by the deadline and Plaintiff requested that the leave be deemed waived. (Docket Nos. 23-24). Defendants submitted a motion for extension of time to file the reply, claiming excusable neglect due to mis-calendaring the reply deadline. (Docket No. 25 ¶ 3). The Court denied the motion for extension of time. (Docket No. 27).

## II. DISCUSSION

### A. **Burford** abstention is not applicable to this case

The Burford doctrine refers to a federal court's obligation to:

> [D]ecline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)). A case warranting abstention on Burford grounds is an exception to the general rule that federal courts should exercise the jurisdiction given to them. *See* Chico Serv. Station, Inc. v. Sol P.R. Ltd., 633 F.3d 20, 29 (1st Cir. 2011). The burden of persuasion rests with the proponent of Burford abstention. Property & Cas. Ins. Ltd. v. Central Nat. Ins. Co. of Omaha, 936 F.2d 319, 326 (7th Cir. 1991). When the case involves the presence of federal-law issues, the burden on the proponent to demonstrate that abstention is appropriate is heightened. *See* Grode v. Mutual Fire, Marine and Inland Ins. Co., 8 F.3d 953, 960 (3d Cir. 1993).

    The First Circuit has laid out three inquiries for determining whether the Burford doctrine is relevant in the first place: first, whether the federal court sits in equity rather than in tort; second, whether the state scheme creates a judicial structure that requires Burford deference; and third, whether the federal court is being asked to review the proceedings or orders of state administrative agencies. *See* Fragoso v. Lopez, 991 F.2d 878, 882-83 (1st Cir. 1993). Here, Defendants cannot meet their burden to establish that all three of these preconditions have been met.

First, section 1983 claims are, by their nature, tort claims. *See* Wallace v. Kato, 549 U.S. 385, 388 (2007) ("Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles."). So are the Puerto Rico Civil Code claims that Plaintiff brings. Thus, the instant case is grounded in tort, not equity. "When, as now, the only equitable power a court is asked to exercise constitutes the very act of abstaining under Burford, . . . it is highly questionable whether . . . Burford abstention might be available." Fragoso, 991 F.2d at 882.

Second, Defendants appear to have addressed whether there is "the functional equivalent of an administrative agency" that the Court ought to defer to. Based on the filings of the parties, there are currently two pending appeals filed by the Plaintiff before the Puerto Rico Public Service Appeals Commission ("CASP").[1] (Docket 21 at 5). Defendants claim that CASP is an administrative forum that is judicial in nature, explain that it can grant relief for damages, and provides adequate judicial review through the Commonwealth's Court of Appeals. (Docket No. 18 at 6). However, the Court need not determine if such an averment is sufficient to

---

[1] Plaintiff's third appeal was dismissed for lack of jurisdiction and is therefore not included in this analysis. (Docket No. 21 at 6).

meet Fragoso's second condition, given Defendants' failure to carry their burden as to the first and third conditions.

Lastly, both parties make clear that the allegations before CASP are still pending. In other words, the Court is "not being asked to review the actions or decisions of any state body, be it judicial or administrative." Fragoso, 991 F.2d at 883 (1st Cir. 1993). The applicability of the Burford doctrine is, therefore, questionable. *See* id.

Even if the above requirements had been met, Defendants' arguments would also fail because the *Complaint* neither raises "difficult questions of state law" nor would disrupt "state efforts to establish a coherent policy with respect to a matter of substantial public concern." Fragoso, 991 F.2d at 883-84 (internal quotations omitted). Plaintiff raises claims regarding retaliation for activity protected by the First Amendment as well as Puerto Rico tort claims, which are often resolved by courts in this district sitting in diversity. These issues do not implicate difficult questions of state law or affect state policy efforts, and accordingly, Burford abstention would be improper. Moreover, there is ample case law disfavoring Burford abstention when section 1983 is implicated. *See, e.g.*, Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 523-24 (1st Cir. 2009) (affirming district court's denial of Burford abstention motion in a section 1983

action); Wal-Mart Stores, Inc. v. Rodriguez, 238 F. Supp. 2d 423, 427 (D.P.R. 2003) (citing to Erwin Chemerinsky, Federal Jurisdiction 757 (3d ed. 1999) and noting that abstention would conflict with section 1983); National Ass'n of Gov't Emps. v. Mulligan, 849 F. Supp. 2d 167, 175 (D. Mass. 2012) (collecting cases and concluding that Burford abstention is "unwarranted where . . . plaintiffs bring First Amendment challenges to state laws or actions").

For the foregoing reasons, the Defendants' request for a stay on Burford abstention grounds is **DENIED**.

**B. Abstention for comity reasons is unwarranted**

Defendants also seek abstention on the basis of comity. "The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction." Levin v. Commerce Energy, Inc., 560 U.S. 413, 421 (2010). However, the doctrine "bars federal district court jurisdiction only insofar as the local court system affords an adequate remedy." Wal-Mart P.R., Inc. v. Zaragoza-Gomez, 834 F.3d 110, 124 (1st Cir. 2016). The state remedy, aside from being adequate, must also be "plain" and "complete." Id. (citing Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981)).

Defendants do not detail in their *Motion for Abstention* how any resolution of the pending appeals before CASP would be plain,

adequate, and complete remedy in this case. Rather, they explain that CASP has authority to hear "labor and employment disputes regarding public employees under the Commonwealth merit principle." (Docket No. 18 at 6). Additionally, although Plaintiff admits that some of the claims before CASP may involve conduct that underpins his section 1983 claims in this case, he also argues that CASP's determinations would only be as to whether there had been violations of DPS' rules and regulations or Puerto Rico's merit system. (Docket 21 at 15).

In this case, CASP would not have authority to hear section 1983 claims. Because the Court has sufficient and equal ability to resolve the disputed issues, particularly the constitutional ones, abstention for comity reasons is unwarranted. *See* Zaragoza-Gomez, 834 F.3d at 125 (concluding that comity did not bar an action where the federal district court had "equal remedial competence as the Puerto Rico courts"). In addition, given that Defendants concede that abstention due to comity concerns is not obligatory, (Docket No. 18 at 10), the Court declines to abstain. The request for abstention on comity grounds is **DENIED**.

### C. The *Motion for Abstention* is not a Rule 12 motion, but entry of default is disfavored

Within twenty-one days after being served with the summons and complaint, a defendant must serve an answer or a motion under

Rule 12 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12. Plaintiff avers that Defendant's *Motion for Abstention* does not constitute a Rule 12 motion because it does not fit into any of categories laid out by the rule. (Docket No. 21 at 22).

Although the question of whether a motion on Burford abstention grounds can serve as a Rule 12 motion remains unanswered in this circuit, the Court notes that Plaintiff's argument is not without support. One circuit court has found that motions for abstention generally are not Rule 12 motions. *See* Int'l Ass'n of Entrepreneurs of Am. v. Angoff, 58 F.3d 1266, 1271 (8th Cir. 1995) (finding a motion for abstention was for "a stay, not dismissal based on lack of jurisdiction," but noting that district courts may recognize additional pre-trial answer motions not enumerated in Rule 12); *see also* Aetna Life Ins. Co. v. Alla Med. Servs., Inc., 855 F.2d 1470, 1475 (9th Cir. 1988) (holding defendant's "motion to dismiss or stay was not a Rule 12(b) motion"); Rivera-Delgado v. Chardon, 932 F. Supp. 2d 282, 283 n.2 (D.P.R. 2013) (noting a Younger[2] abstention motion does not fall within Rule 12(b)(1)). *But see* Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 39 n.6 (1st Cir. 2012) (discussing whether a **motion to**

---

[2] Younger v. Harris, 401 U.S. 37 (1971).

**dismiss** based on Younger abstention falls under Rule 12(b)(1) or Rule 12(b)(6)).

Further, the Court recognizes that Defendants' *Motion for Abstention* **explicitly is a motion for a stay and does not seek dismissal**. *See also* DeMauro v. DeMauro, 115 F.3d 94, 98 (1st Cir. 1997) ("dismissal on abstention grounds[ ]is not permissible . . . . in a damages action"). The *Motion for Abstention* does not fall into any of the categories of motions listed under Rule 12, nor does it cite to any provisions of Rule 12. Accordingly, the *Motion for Abstention* is not a motion under Rule 12 that would toll the period to file a responsive pleading. *See* Fed. R. Civ. P. 12(a)(4).

However, the decision to enter default is one committed to the discretion of the judge. *See* Finance of Am. Reverse, LLC v. Carmona-Vargas, 288 F. Supp. 3d 500, 501 (D.P.R. 2018). Among the many factors a district court may consider are the willfulness of the default and the amount of money involved in the action. *See* KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003) (discussing factors a court may consider to set aside default); *see also* Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009) (noting entry of default judgment is a useful remedy when one of the parties is "obstructionist"). Nevertheless, default is a "drastic sanction

. . . that runs contrary to the goals of resolving cases on the merits." Remexcel Managerial Consultants, Inc., 583 F.3d at 51 (quotation marks and citation omitted). Further, where important issues such as "allegations of constitutional rights violations by several government officials" are involved, default judgment is disfavored. Suarez Cestero v. Pagan Rosa, 167 F. Supp. 2d 173, 181-82 (D.P.R. 2001). Because the issues raised by the *Complaint* are constitutional and serious in nature, Plaintiff's request for entry of default is **DENIED WITHOUT PREJUDICE.**

### III. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendants' *Motion for Abstention under Burford and/or Comity Considerations* at Docket No. 18. Plaintiff's request for entry of default at Docket No. 21 is also **DENIED**. Defendants **SHALL** plead or otherwise defend by **April 1, 2024**. Failure to do so will result in the entry of default without further delay.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of March 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE